IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00512-GPG

JEFFREY T. MAEHR,

    Plaintiff,

v.

JOHN KOSKINEN, Commissioner of Internal Revenue,
JOHN VENCATO, Revenue Agent,
GINGER WRAY, Revenue Agent,
JEREMY WOODS, Disclosure Specialist,
WILLIAM SOTHEN, Revenue Agent,
GARY MURPHY, Revenue Agent,
THERESA GATES, Program Manager,
SHARISSE TOMPKINS, Disclosure Manager,
CAROLYN COLVIN, SSA Acting Administrator,
WELLS FARGO BANK, NA, and
JOHN AND JANE DOES 1-100,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Jeffrey T. Maehr, has filed *pro se* a Complaint (ECF No. 6). The court must construe the Complaint liberally because Mr. Maehr is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Maehr will be ordered to file an amended complaint if he wishes to pursue any claims in this action.

The Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the

opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Maehr failed to pay his federal income taxes for several years and still owes the IRS the amount of his unpaid liabilities for those years.  *See Maehr v. C.I.R.*, 480 F. App'x 921 (10th Cir. 2012).  He apparently contends in this action that his due process rights have been violated in connection with the efforts of the IRS to collect from him. Although Mr. Maehr contends that "he is NOT contesting the government's right to tax, and this is NOT a 'tax protest' issue" (ECF No. 6 at 3), the due process claims in the complaint largely appear to be variations of the same theme that he is not required to pay income taxes because wages are not income.  As relief he seeks compensatory and

punitive damages; an injunction barring the ongoing levy actions; an order directing Defendants to cease and desist any and all other possible activities to deprive him of life, liberty, or property; an order directing Defendants to restore to his accounts all of the money that has been taken; an order directing Defendants to remove the notice of federal tax liens filed against his name with the Colorado Secretary of State and in Archuleta County; and an order sanctioning Defendants and/or taking judicial notice of crimes taking place and/or convening a federal grand jury to investigate Defendants.  Mr. Maehr is suing the individual defendants in their individual capacities and he is suing Wells Fargo Bank, NA, in its corporate capacity.

Mr. Maehr fails to provide a short and plain statement of his due process claims showing he is entitled to relief.  In order to comply with the pleading requirements of Rule 8 Mr. Maehr must present his claims clearly and concisely in a format that allows the court and Defendants to know what claims are being asserted and to be able to respond to those claims.  Thus, Mr. Maehr must identify the specific claims he is asserting and the statutory authority that allows the court to consider those claims, against which Defendant or Defendants he is asserting each claim, the specific facts that support each asserted claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the

responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Mr. Maehr should not include any legal argument in his amended complaint. "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Accordingly, it is

ORDERED that Mr. Maehr file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Maehr shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Maehr fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED March 30, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge