IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00512-GPG

JEFFREY T. MAEHR,

      Plaintiff,

v.

JOHN KOSKINEN, Commissioner of Internal Revenue,
JOHN VENCATO, Revenue Agent,
GINGER WRAY, Revenue Agent,
JEREMY WOODS, Disclosure Specialist,
WILLIAM SOTHEN, Revenue Agent,
GARY MURPHY, Revenue Agent,
THERESA GATES, Program Manager,
SHARISSE TOMPKINS, Disclosure Manager,
CAROLYN COLVIN, SSA Acting Administrator,
WELLS FARGO BANK, NA, and
JOHN AND JANE DOES 1-100,

      Defendants.

---

## ORDER DENYING MOTION

---

     This matter is before the Court on the Motion for Emergency Injunction (ECF No. 1) filed *pro se* by Plaintiff, Jeffrey T. Maehr.   The Court must construe the motion liberally because Mr. Maehr is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.

     Mr. Maehr failed to pay his federal income taxes for several years and still owes the IRS the amount of his unpaid liabilities for those years.   *See Maehr v. C.I.R.*, 480 F. App'x 921 (10th Cir. 2012).   Although he has not filed a pleading that provides a short and

plain statement of his claims in this action, he apparently contends that his due process rights have been violated in connection with the efforts of the IRS to collect from him. The relief Mr. Maehr seeks in the motion for an emergency injunction is nearly identical to the relief he requests in his complaint.

A party seeking a preliminary injunction must show:   (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest.   *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).   "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."   *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo."   *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).   Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs."   *Id.*   If the movant is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above.   *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."   *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).   Thus, Mr. Maehr "must first

demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered."   *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."   *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).   Therefore, Mr. Maehr "must establish both that harm will occur, and that, when it does, such harm will be irreparable."   *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007).   Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."   *Heideman*, 348 F.3d at 1189.   A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries.   One will not be granted against something merely feared as liable to occur at some indefinite time in the future."   *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Mr. Maehr fails to demonstrate, clearly and unequivocally, that he is entitled to a preliminary injunction.   He is not seeking to preserve the status quo and he fails to allege specific facts that demonstrate he will suffer irreparable injury if no preliminary injunction is issued.   He also fails to allege specific facts in support of his claims that demonstrate a substantial likelihood of prevailing on the merits in this action.   Accordingly, it is

ORDERED that the Motion for Emergency Injunction (ECF No. 1) is denied.

DATED at Denver, Colorado, this  1st  day of _____April_____, 2016.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court