**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO**

Civil Action No. 16-cv-00512-PAB-MJW

JEFFREY T. MAEHR,

       Plaintiff,

       v.

JOHN KOSKINEN, COMMISSIONER OF
INTERNAL REVENUE;
JOHN VENCATO, REVENUE AGENT; GINGER
WRAY, REVENUE AGENT; GARY MURPHY,
REVENUE AGENT; WELLS FARGO BANK,
NA; and JOHN AND JANE DOES, 1-100

       Respondents.

---

UNITED STATES' MOTION
TO DISMISS AMENDED COMPLAINT

---

Jeffrey T. Maehr brought this suit to prevent the IRS from collecting his unpaid taxes by

levying on his bank account. The United States, the proper party acting on behalf of the

Commissioner of the Internal Revenue Service and Revenue Agents John Vencato, Gary

Murphy, and Ginger L. Wray, moves to dismiss the amended complaint. (Dkt. 26).

## I.     INTRODUCTION

This is one of at least eight lawsuits Mr. Maehr has filed contesting his tax obligations or the IRS's collections methods.[1]  In this latest action, he sought to challenge various assessments, and to bar the IRS from levying his bank account to collect his unpaid taxes.  This Court dismissed his claims as frivolous.  The Court of Appeals affirmed most of this Court's decision.  However, the appellate court remanded the case to consider a narrow issue the parties had not addressed: whether the IRS may levy on a bank account if, as Mr. Maehr alleges, most of the money in the account came from veterans' benefits.  Those benefits are entitled to various protections from private creditors, but the United States is not a private party, and taxes are not an ordinary debt.  The relevant statutes explicitly allow the IRS to levy on benefit payments. *See, e.g.*, 38 U.S.C. § 5301(d).  The broad levy prohibition that Mr. Maehr seeks is contrary to law.  To the extent he attempts to raise other issues, the amended complaint goes beyond the latitude the appellate court gave him.  His suit should be dismissed.

---

[1] *See e.g.*, *Maehr v. United States*, No. CIV.A. 3:08MC3-HEH, 2008 WL 4491596, at *1 (E.D. Va. July 10, 2008); *Maehr v. United States*, No. 3:08-MC-00067-W, 2008 WL 2705605, at *2 (W.D.N.C. July 10, 2008); *Maehr v. United States*, No. MC 08-00018-BB, 2008 WL 4617375, at *1 (D.N.M. Sept. 10, 2008); *Maehr v. United States*, No. C 08-80218 (N.D. Cal. April 2, 2009); *Maehr v. United States*, No A-09-CA-097 (W.D. Tex. April 10, 2009); *Maehr v. United States*, No. 8:08CV190, 2009 WL 2507457, at *3 (D. Neb. Aug. 13, 2009) *Maehr v. United States*, No. CIV. 08-cv-02274-LTB-KLM, 2009 WL 1324239, at *3 (D. Colo. May 1, 2009); *Maehr v. Commissioner*, No. CV 15-mc- 00127-JLK-MEH, 2015 WL 5025363, at *3 (D. Colo. July 24, 2015), *aff'd*, 2016 WL 475402 (10th Cir. Feb. 8, 2016).

## II.    FACTUAL AND PROCEDURAL HISTORY

### A.    The Prior Proceedings

Mr. Maehr "did not pay his federal income taxes from 2003 to 2006[.]" *Maehr v. Commissioner*, No. 15-1342, 2016 WL 475402, at *1 (10th Cir. Feb. 8, 2016). When the IRS tried to levy on his bank account, Mr. Maehr filed a pro se "Motion for Emergency Injunction" and "Notice of Criminal Actions Under 18 & 42 U.S.C." on March 1, 2016. (Dkt. 1). He challenged both his underlying liabilities and the government's attempts to collect them.

The Court granted Mr. Maehr leave to file *in forma pauperis* (Dkt. 7), but twice informed him that his filing was deficient, and that if he did not file a proper pleading he faced dismissal. (Dkt. 5, Dkt. 8). When Mr. Maehr filed a new pleading, the Court dismissed his suit as frivolous. (*See* Dkt. 12 at 2, *citing* 28 U.S.C. § 1915 (providing for indigent plaintiffs to proceed without paying filing fees, but requiring the court to dismiss such actions if frivolous)). The Court found that Mr. Maehr had failed to allege "specific facts that support an arguable claim for relief challenging the manner in which his unpaid taxes are being collected and, to the extent he is challenging the validity of his tax liability, his tax protestor arguments repeatedly have been rejected[.]" (Dkt. 12 at 3). The Court subsequently denied a motion for reconsideration. (*See* Dkt. 15).

Mr. Maehr appealed. The Tenth Circuit affirmed this Court's finding that Mr. Maehr's challenges to his underlying tax liabilities were frivolous. *Maehr v. Koskinen*, 664 Fed. Appx. 683, 684-86 (10th Cir. Oct. 20, 2016). The appellate court also affirmed that Mr. Maehr's challenges to the government's collections efforts were largely frivolous. *Id.* However, the Tenth Circuit found that he had raised "one potentially meritorious claim for relief relating to the

manner in which the government is seeking to collect his unpaid tax liabilities." *Id.* Mr. Maehr

had alleged that most of the funds in his bank account are veterans' benefits. Veterans' benefits

are generally non-assignable, and private creditors are barred from attaching or garnishing such

benefits, either "before or after" a beneficiary receives them. 38 U.S.C. § 5301(a). The Tenth

Circuit thus remanded the case to determine whether the IRS was barred from levying on the

bank account. *Maehr*, 664 Fed. Appx. at 685-86. The remand order "express[ed] no opinion on

the ultimate resolution of this claim" or on the types of relief that might theoretically be available

to Mr. Maehr. *Id.* at 686. The court permitted him to file an amended complaint addressing only

the veterans' benefit issue, and affirmed the dismissal of all other claims as frivolous. *Id.*

### B.    The Amended Complaint

Mr. Maehr filed his new complaint (Dkt. 26, the "Amended Complaint"), now the

operative pleading, on January 17, 2017. The Amended Complaint names the Commissioner of

the IRS and three IRS employees as defendants (collectively, the IRS defendants), as well as

Wells Fargo Bank, N.A., and John and Jane Does 1-100.

The Amended Complaint asserts two claims. First, Mr. Maehr alleges that the IRS's

attempt to levy his bank account was an "unlawful taking." (Dkt. 26 at 4). He argues that that

the IRS's actions were a violation of law, and thus an "Injury in Fact[.]" (*Id.* at 5). It appears that

the levy did not actually take place, because there were insufficient funds in the account when

the IRS attempted to collect. (*See id.* at 7). But Mr. Maehr alleges that he has limited means, so

the mere threat that the IRS will collect against him has caused "irreversible mental, emotional

and physical stress and pain and suffering[.]" (*Id.* at 5-6). Second, he alleges that Wells Fargo

Bank. N.A. was an "accomplice" to the IRS, and wrongfully charged him fees for processing the

levy notice. (*Id.* at 7-9). The exhibits to the complaint include a levy notice that appears to bear the signature of one of the IRS employees. (Dkt. 26 at 14). Aside from that, and from listing job titles and addresses for the four individuals, there are no specific allegations against them.

As for remedies, the amended complaint makes three requests. First, Mr. Maehr seeks an injunction requiring the IRS to cease "any and all future unlawful levy action[s]" against him, and to establish policies to prevent similar levies against other veterans. (*Id.* at 10). Second, he asks the Court to "sanction" the individual IRS defendants for participating in or supporting the IRS's levy (although he does not explain what it is any of them may have specifically done). (*Id.*) Third, he seeks "[c]ompensatory and punitive damages" against the "IRS/agents" to cover his litigation costs and emotional distress, and to deter such supposedly wrongful conduct in the future. (*Id.* at 10-11). He also seeks compensation for any funds that may be seized. (*Id.* at 11).

### III.    ARGUMENT

#### A.    The United States Is The Proper Party In This Suit.

When a suit is brought against an individual federal employee concerning actions the individual takes in his or her official capacity, the action is in fact against the United States. *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) (where action named various IRS employees as defendants "[p]laintiff was essentially suing the United States, even though the United States was not actually named as a party"); *Abell v. Sothen*, 214 Fed. Appx. 743, 750 (10th Cir. 2007) (substituting the United States for individual IRS employees); *see also Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (relief sought nominally against an officer is in fact against the government, if the decree would operate against the latter).

Here, Mr. Maehr challenges the IRS's collection activities.  He has not alleged that the IRS Commissioner or any of the named IRS Revenue Agents engaged in any conduct outside of their official duties.  Indeed, he makes almost no specific allegations about them at all. Moreover, the Tenth Circuit has already rejected Mr. Maehr's challenge to his underlying liabilities, as well as most of his claims concerning the IRS's collection methods.  *Maehr*, 664 Fed. Appx. at 684-85.  The only question that remains is whether the IRS may properly levy against a bank account in which veterans' benefits are deposited, and there is no suggestion that, if the named individuals were involved in the levy, they were acting outside their official duties. The United States should be substituted in their place.

**B.**     **Standard of Review Under Fed. R. Civ. P. 12(b)(6) and 12(b)(1).**

The Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6).  A motion under Rule 12(b)(6) challenges the sufficiency of the complaint.  *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1295 (10th Cir. 2003).  While the Court assumes the facts as alleged are true, those facts must support a claim on which relief can be granted.  *United States v. Goodman*, 2012 WL 502733, *2 (D. Co. Feb. 15, 2012), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (add'l citations omitted).  As discussed below, there is no prohibition on the type of levy Mr. Maehr challenges.  His complaint should be dismissed for failure to state a claim.

The complaint should also be dismissed under Rule 12(b)(1), for lack of subject matter jurisdiction.  If a court lacks jurisdiction, it cannot proceed.  *Goodman*, 2012 WL 502733 18548 at *2, *citing Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  As a general matter, the United States cannot be sued unless it has explicitly agreed to waive its sovereign

6

immunity.  *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).  Where

Congress has not waived the United States' immunity, the court lacks subject matter jurisdiction.

*See United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33-34 (1992); *Price v. United States*, 7 F.3d

968, 969 (10th Cir. 1993).

Here, at least two provisions of federal law bar Mr. Maehr's suit.  With limited

exceptions, the Anti-Injunction Act prohibits suits to restrain the collection of any federal tax.

26 U.S.C. § 7421(a); *Ambort v. United States*, 392 F.3d 1138, 1140 (10th Cir. 2004).  Similarly,

the Declaratory Judgment Act prohibits most declaratory judgments in matters relating to an

individual's federal taxes.  28 U.S.C. § 2201(a); *Ambort*, 392 F.3d at 1140.

The Tenth Circuit's remand order raised the possibility that Mr. Maehr's claims fell into

the *Williams Packing* exception to the Anti-Injunction Act.  *Maehr*, 664 Fed. Appx. at 685; *see

also Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962).  The Act exists to

allow the government "to assess and collect taxes expeditiously without judicial intervention,

and to require that the legal right to taxes withheld be determined in a suit for a refund", as

permitted under 26 U.S.C. § 7422, not some other proceeding.  *See Wyoming Trucking Ass'n,

Inc. v. Bentsen*, 82 F.3d 930, 932-33 (10th Cir. 1996).  *Williams Packing* provides a narrow

exception to that general prohibition, but only if a taxpayer can demonstrate: (1) that the United

States could not possibly prevail in the end, and (2) that equity jurisdiction otherwise exists, *i.e.,*

that the taxpayer is threatened with irreparable injury and there are no adequate legal remedies

available.  *Maehr*, 664 Fed. Appx. at 685, *citing Marvel v. United States*, 548 F.2d 295, 297

(10th Cir. 1977) *and Williams Packing*, 370 U.S. at 7.  Because the question of whether the IRS

may levy on a bank account containing veterans' benefits had not been briefed, the Tenth Circuit

did not determine whether Mr. Maehr could show the government would lose on the merits.

However, as discussed below, however, the United States *can* levy on bank accounts containing

veterans' benefits, so Mr. Maehr does not fit the exception.  The Court therefore lacks subject

matter jurisdiction to hear his claims.

**C.      Federal Law Permits the United States to Levy on Payments to Veterans.**

*1.   The Veterans Benefit Laws Explicitly Allow the IRS to Levy for Delinquent Taxes.*

Veterans' benefits are subject to IRS levy.  *See* § 38 U.S.C. § 5301(d) ("payments of

benefits under laws administered by the Secretary [of Veterans Affairs] shall not be exempt from

levy under subchapter D of chapter 64 of the Internal Revenue Code of 1986 (26 U.S.C. § 6331

et seq.)).[2]  It is true that veterans' benefits serve important public policies.  To that end, Title 38

of the United States Code provides that such benefits are generally "exempt from the claim of

creditors" and "shall not be liable to attachment, levy, or seizure[.]"  38 U.S.C. § 5301(a)(1).  But

---

[2] Title 38, § 5301 reads, in relevant part,

> "(a)(1) Payments of benefits due or to become due under any law administered by the
> Secretary shall not be assignable except to the extent specifically authorized by law, and
> such payments made to, or on account of, a beneficiary shall be exempt from taxation,
> shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or
> seizure by or under any legal or equitable process whatever, either before or after receipt
> by the beneficiary. The preceding sentence shall not apply to claims of the United States
> arising under such laws nor shall the exemption therein contained as to taxation extend to
> any property purchased in part or wholly out of such payments…

> (d) Notwithstanding subsection (a) of this section, payments of benefits under laws
> administered by the Secretary shall not be exempt from levy under subchapter D of
> chapter 64 of the Internal Revenue Code of 1986 (26 U.S.C. 6331 et seq.)."  38 U.S.C.
> § 5301.

the United States is not a private creditor, and the same statute explicitly provides that such benefits "shall not be exempt from levy" by the IRS.  38 U.S.C. § 5301(d); *see also Wallace v. Comm'r*, 128 T.C. 132, 139 (2007) (observing that § 5301(d) "exposes payments of veterans' benefits to levy for unpaid Federal taxes").

Indeed, courts have reasoned that § 5301(a) itself does not apply to the federal government, even outside the tax context.  *See United States v. Poff*, 2016 WL 3079001,*4 (W.D. Wash. May 31, 2016) (reasoning that § 5301(a)(1) did not bar the United States from collecting criminal restitution payments from an inmate, even though the inmate's account included veterans benefits); *Metcalf v. United States*, 2013 WL 1517821, *12 n.5 (Fed. Cl. Apr. 15, 2013) (reasoning that § 5301(a)(1) "eliminate[s] any bar to the Federal Government attaching or seizing VA benefits" where inmate argued that Bureau of Prisons wrongfully withheld portions of his benefit payments to cover court costs and fines); *Funeral Fin. Servs. v. United States*, 2000 WL 91919, *2 n.1 (N.D. Ill. Jan. 14, 2000) (§ 5301 "seems to exempt claims of the United States from the general ban on creditors making claims on the benefits").  There can be no doubt that § 5301(d)'s explicit authorization allows federal tax levies on benefits payments.

2.  *The Tax Code Also Allows the IRS to Levy on Veterans' Benefits Payments.*

The tax code is consistent with Title 38.  Section 6331 of the code gives the IRS broad power to collect unpaid taxes by levying "upon all property and rights to property" that a taxpayer may have, excepting only the property listed in 26 U.S.C. § 6334.  *See* 26 U.S.C. § 6331(a).  Section 6334 in turn mandates that only the property it specifically identifies is exempt from levy, "[n]ot withstanding any other law of the United States[.]"  26 U.S.C. § 6334(c).  In other words, unless veterans' benefits fall under § 6334, they would be subject to

9

levy even without 38 U.S.C. § 5301(d)'s authorization.

Subsection 6334(a)(1) through (13) provides the list of exemptions.  26 U.S.C. § 6334(a).

For example, subsections (a)(1) and (2) exempt certain basic necessities, like clothing and school

books.  Subsection 6334(a)(9) exempts a small amount of wages, salary, or other income

"payable to or received by" a taxpayer.  26 U.S.C. § 6334(a)(9).  And, as relevant here,

subsection (a)(10) exempts certain veterans' benefits, but only those amounts "payable to" a

taxpayer.[3]

The distinction between "payable to" and "or received by" is key.  The wage exemption

in (a)(9) applies to wages "payable to *or received by*" a taxpayer.  (Emphasis added).  The

veterans' benefits exemption applies only to benefits "payable to" a taxpayer.  Courts have

---

[3]Sub-sections (a)(9) and (10) read:

"(a) Enumeration.  There shall be exempt from levy— …

(9) Minimum exemption for wages, salary, and other income. Any amount *payable to or received by* an individual as wages or salary for personal services, or as income derived from other sources, during any period, to the extent that the total of such amounts payable to or received by him during such period does not exceed the applicable exempt amount determined under subsection (d).

(10) Certain service-connected disability payments. Any amount *payable to* an individual as a service-connected (within the meaning of section 101(16) of title 38, United States Code) disability benefit under--
     (A) subchapter II, III, IV, V, or VI of chapter 11 of such title 38 [38 USCS §§ 1110 et seq., 1121 et seq., 1131 et seq., 1141 et seq., or 1151 et seq.], or
     (B) chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such title 38 [38 USCS §§ 1301 et seq., 2101 et seq., 2301 et seq., 3100 et seq., 3201 et seq., 3451 et seq., 3500 et seq., 3701 et seq., or 3901 et seq.]."  26 U.S.C. § 6334 (emphasis added).

therefore reasoned that the veterans' benefits exemption "only protects amounts 'payable to an individual,' not amounts already paid and deposited in the recipient's account." *See Poff*, 2016 WL 3079001 at \*5; *see also Hughes v. IRS*, 62 F. Supp. 2d 796, 800-801 (E.D.N.Y. 1999) (observing that "the very act of the levy … signifies that the funds already had been paid, and therefore were no longer 'payable'") (citations omitted).  To construe "payable to" to include amounts already received would alter the statute's plain meaning, and would render the clause "or received by" in subsection (a)(9) meaningless.  *See, e.g.*, *Poff*, 2016 WL 3079001 at \*5 (declining to treat "or received by" in (a)(10) as "mere surplusage"); *Fredyma v. United States, Dep't of Treasury, IRS*, 1998 WL 77993, \*4 (D.N.H. 1998) (reasoning, with respect to similar language in subsection (a)(7), that "[t]he plain meaning of the word "payable" is an amount to be paid or capable of being paid . . .  when Congress used the word "payable" it intended to exclude funds already paid."); *see generally Mallo v. IRS*, 774 F.3d 1313, 1317 (10th Cir. 2014) ("[W]e construe statutes 'so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.'"), *quoting Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (*add'l citations omitted*).

Courts have applied the same reasoning in analyzing other exemptions.  Subsection 6334 (a)(7) exempts amounts "payable to an individual as workmen's compensation[,]" and courts have found that there, too, "payable" does not mean the same thing as "already paid."  *See, e.g., United States v. Coker*, 9 F. Supp. 3d 1300, 1302 (S.D. Ala. 2014) (§ 6334(a)(7) did not protect payments already received); *Cathey v. United States*, 35 F. Supp. 2d 518, 521 (S.D. Tex. 1998) (workers compensation benefits "were not exempted from levy … because the benefits had already been paid and therefore were not an 'amount payable to an individual as workmen's

11

compensation"), *aff'd without opinion*, 200 F.3d 814 (5th Cir. 1999); *see also Hughes*, 62 F.

Supp. 2d at 800-801 (as with subsection (a)(10), subsection (a)(11)'s protections for amounts

"payable" under certain public assistance programs applies only to amounts not yet paid).

>  3.  *Porter did not address § 5301(d) or § 6334(a), and is inapplicable here.*

The Tenth Circuit's remand order noted that recent cases interpreting the veterans'

exemption did not consider *Porter v. Aetna Cas. & Surety Co.*, 370 U.S. 159, 160 (1962), but

that case does not discuss the IRS's ability to levy. *Porter* concerned a private creditor, an

insurance company that held a judgment against a veteran, not the United States. The Court

found that § 5301(a), then codified at 38 U.S.C. § 3101(a), shielded the veteran's benefits from

the insurance company even after they were deposited in a savings and loan. But the Court had

no occasion to address § 5301(d) (then codified in similar form at 38 U.S.C. § 3101(c)). And

§ 6334(a)(10) was not added to the tax code until 1986. *See* Pub. L. No. 99-514 § 1565, 100

Stat. 2085, 2763 (1986). *Porter* does not apply here.[4]

---

[4] The Tenth Circuit relied on *Porter* in deciding a related issue in *United States v. Griffith*, 584 F.3d 1004, 1020 (10th Cir. 2009), but that case is also inapplicable here. Defendant Debbie Griffith had served as a fiduciary for an aging veteran, but misappropriated his benefits for her own use. She pled guilty to theft of United States property, but challenged her sentence and a restitution order. The appeals court determined that the funds Griffith received from the victim's bank account had retained their identity as VA funds ("public money" for purposes of the criminal offense), pursuant to *Porter* and 38 U.S.C. § 5301(a). But the court did not address the issue here, whether the IRS may levy on an account pursuant to § 5301(d).

**D.        Mr. Maehr Cannot State Another Claim For Relief.**

Because the IRS is authorized to levy on bank accounts containing veterans' benefits, Mr.

Maehr's complaint for injunctive relief must fail.  But even if the levy was improper for some

other reason, Mr. Maehr has not stated a proper claim under either Rule 12(b)(1) or (b)(6).

In addition to injunctive relief, Mr. Maehr seeks monetary compensation for any amounts

the IRS may seize.  The tax code contains a limited waiver of sovereign immunity that allows

taxpayers to sue for refunds.  *See* 26 U.S.C. § 7422, Civil actions for refund.  But Mr. Maehr

does not allege that the IRS actually took any money from his account (*i.e.*, that his taxes have

been paid), or that he filed a proper administrative claim for a refund, two prerequisites for

jurisdiction under § 7422.  *See Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006).

His claim is for compensation for potential future seizures, and must be denied.

Mr. Maehr also seeks damages for emotional distress and related harms he says the IRS

has caused him.  But he does not meet the prerequisites for the tax code's exclusive remedy for

such damages, 26 U.S.C. § 7433 ("Civil damages for certain unauthorized collections actions").

(The United States is the real party in interest when a taxpayer challenges official collections

actions under § 7433.  *Bowers v. J & M Disc. Towing, LLC.*, 472 F. Supp. 2d 1248, 1257

(D.N.M. 2006)).  That section requires that taxpayers allege a specific violation of the tax code,

and that they have exhausted their administrative remedies.  *See Rosson v. United States*, 127 F.

App'x 398, 401 (10th Cir. 2005).  Even if Mr. Maehr could show administrative exhaustion

(which he has not), he cannot show the IRS has violated any specific code sections.  The IRS is

permitted to levy on his bank account, and the Tenth Circuit has dismissed his claims for any

other supposed violations.

13

Finally, while the tax code offers a cause of action for "wrongful levy," it is available only to third parties whose property the IRS may inadvertently seize when collecting against a taxpayer.  26 U.S.C. § 7426(a)(1); *United States v. Mann*, 365 F. App'x 121, 123 (10th Cir. 2010).  Mr. Maehr is suing because he believes the IRS wishes to seize his property to collect his debts, not that the IRS has mistakenly seized his property while collecting against another taxpayer.

## IV.    CONCLUSION

The veterans' benefits laws and the tax code authorize the levy plaintiff Mr. Maehr challenges.  The Court of Appeals has already dismissed his other claims.  The United States therefore submits that the Court should dismiss his suit in its entirety, and grant such other relief as the Court deems proper.

DATED April 14, 2017

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

*s/E. Carmen Ramirez*
E. CARMEN RAMIREZ
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 616-2885
FAX: (202) 307-0054
Email: E.Carmen.Ramirez@usdoj.gov

14

Of counsel:

BOB TROYER
Acting United States Attorney

*Attorneys for the United States*

15

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing is made this 14th day of April, 2017, as follows:

**By U.S. mail:**

Jeffrey T. Maehr
924 E. Stollsteimer Rd.
Pagosa Springs, CO  81147

*Plaintiff*

**By ECF:**

David C. Walker
Drew P. Fein
Brown Dunning Walker PC
2000 South Colorado Blvd.
Tower Tow, Suite 700
Denver, CO 80222

*Counsel for Defendant Wells Fargo, N.A.*

/s/ E. Carmen Ramirez
E. Carmen Ramirez
Trial Attorney, Tax Division
U.S. Department of Justice

16