IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00512-PAB-MJW

JEFFREY T. MAEHR,

    Plaintiff,

v.

JOHN KOSKINEN, Commissioner of Internal Revenue,
JOHN VENCATO, Revenue Agent,
GINGER WRAY, Revenue Agent,
GARY MURPHY, Revenue Agent,
WELLS FARGO BANK, NA,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Recommendation of the United States Magistrate Judge [Docket No. 67] filed on February 20, 2018. The magistrate judge recommends that the Court dismiss plaintiff's claims against both Wells Fargo Bank, NA, and the government defendants. Docket No. 67 at 11.[1] Plaintiff filed a timely

---

[1] The Court agrees with the magistrate judge's determination that plaintiff's claims against the individual government defendants are, in effect, claims against the United States. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States."). Although plaintiff previously stated that he is suing the individual government defendants in their "personal capacities," Docket No. 10 at 3, plaintiff does not allege that any of the defendants engaged in conduct outside the scope of their official duties. *See* Docket No. 26; *Abell v. Sothen*, 214 F. App'x 743, 750 (10th Cir. 2007) (unpublished) (finding that United States was proper defendant where, although plaintiff sought award of damages personally against IRS agent, "[t]he facts alleged in support of the claim . . . all involve[d] [the agent's] actions in his official capacity").

objection [Docket No. 69] on March 2, 2018. The United States filed a response to the objection on March 13, 2018. Docket No. 70.

I. BACKGROUND

Plaintiff initiated this *pro se* action on March 1, 2016, challenging the government's efforts to collect unpaid tax liabilities. Docket No. 1. Plaintiff filed an amended complaint on April 8, 2016. Docket No. 10. On May 5, 2016, the court dismissed plaintiff's amended complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Docket No. 12 at 4. On appeal, the Tenth Circuit affirmed the dismissal most of plaintiff's claims, but reversed and remanded for further consideration of plaintiff's "non-frivolous legal claim that the IRS has improperly levied exempt VA disability benefits by placing a levy on all funds in the bank account where [plaintiff's] disability benefits are deposited." *Maehr v. Koskinen*, 664 F. App'x 683, 686 (10th Cir. 2016) (unpublished). On remand, the magistrate judge directed plaintiff to file an amended complaint clarifying his surviving claim. Docket No. 23 at 2. Plaintiff filed his second amended complaint on January 17, 2017. Docket No. 26. On April 13 and 14, 2017, defendants Wells Fargo Bank, NA and the United States filed separate motions to dismiss. Docket Nos. 45, 46. On February 20, 2018, the magistrate judge recommended that both motions be granted on the grounds that: (1) plaintiff's allegations are insufficient to establish a meritorious claim against Wells Fargo; (2) plaintiff's claims for injunctive and declaratory relief against the United States are barred by the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a), and the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201(a); and (3) plaintiff's remaining request for

compensatory and punitive damages fails because his claims for equitable relief are legally baseless. Docket No. 67 at 5, 10, 11.

## II. STANDARD OF REVIEW

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

In the absence of a proper objection, the Court reviews the magistrate judge's recommendation to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Because plaintiff is proceeding *pro se*, the Court will construe his objection and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

### A. Dismissal of Claims Against Wells Fargo

The magistrate judge recommends that the Court dismiss plaintiff's claims against Wells Fargo based on the Tenth Circuit's determination that the allegations in plaintiff's first amended complaint were insufficient to establish a valid claim for relief against Wells Fargo. Docket No. 67 at 5. The magistrate judge notes that "[p]laintiff's allegations have not changed" on remand, and thus dismissal is appropriate pursuant to

---

[2]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

3

the Tenth Circuit's order. *Id.*

In his objection, plaintiff raises only one argument that could be construed as relevant to the magistrate judge's recommendation on Wells Fargo's motion to dismiss. Plaintiff contends that the magistrate judge ignored evidence in the record showing that Wells Fargo had acted unlawfully and in defiance of the Supreme Court's decision in *Porter v. Aetna Casualty & Surety Co.*, 370 U.S. 159 (1962). Docket No. 69 at 11. However, this argument fails to address the magistrate judge's finding that plaintiff's allegations against Wells Fargo are insufficient to state a plausible claim for relief. *See* Docket No. 67 at 5. Discerning no error in the magistrate judge's determination, the Court will overrule plaintiff's first objection and grant Wells Fargo's motion to dismiss.

### B. Dismissal of Claims Against the United States

The magistrate judge recommends dismissal of plaintiff's claims against the United States on the ground that plaintiff's claims for declaratory and injunctive relief are barred by the AIA and DJA.

Plaintiff's objections to the magistrate judge's recommendation consist largely of unsupported allegations that the magistrate judge exhibited bias in favor of the defendants and committed fraud upon the Court. *See* Docket No. 69 at 1, 8, 11.[3] Plaintiff's allegations are not relevant or specific to the magistrate judge's recommendation. Accordingly, these objections are overruled.

Plaintiff further asserts that the magistrate judge's recommendation contravenes

---

[3]Plaintiff accuses the magistrate judge of researching case law favorable to defendants and not doing the same for plaintiff. *See* Docket No. 69 at 1, 11. Aside from *Porter*, however, plaintiff does not identify any cases that he believes the magistrate judge overlooked.

4

binding precedent and the Tenth Circuit's mandate on remand. Plaintiff primarily contends that the magistrate judge's recommendation is inconsistent with *Porter*, in which the Supreme Court held that veterans' benefits in a federal savings and loan account were exempt from levy under 38 U.S.C. § 3101(a) (now codified at 38 U.S.C. § 5301(a)). 370 U.S. at 162. In its order remanding this case, the Tenth Circuit observed that the cases cited by the United States in support of its position that veterans' disability benefits held in a bank account are not exempt from levy under 26 U.S.C. § 6334(a)(10) as amounts "payable to an individual as a service-connected . . . disability benefit" had "not considered whether this result is consistent" with either the Supreme Court's decision in *Porter* or 38 U.S.C. § 5301. *Maehr*, 664 F. App'x at 686. The Court agrees with the United States, however, that these authorities are inapposite.

As explained in the magistrate judge's recommendation, although 38 U.S.C. § 5301(a)(1) generally protects veterans' benefits from "attachment, levy, or seizure," this provision does not apply to levies imposed by the Internal Revenue Service ("IRS"). *See* § 5301(a)(1) ("The preceding sentence shall not apply to claims of the United States . . . ."); § 5301(d) ("Notwithstanding subsection (a) of this section, payments of benefits under laws administered by the Secretary shall not be exempt from levy under subchapter D of chapter 64 of the Internal Revenue Code of 1986 (26 U.S.C. 6331 et seq.)"); *see also United States v. Poff*, 2016 WL 3079001, at *4 (W.D. Wash. June 1, 2016) (noting that the language of § 5301(a)(1) "plainly exempts claims by the United States"). The United States correctly notes that, because *Porter* involved attachment by a private creditor, the Supreme Court did not have to consider the provisions

5

governing IRS levies. See Docket No. 70 at 7; *see also Porter*, 370 U.S. at 160. Nor did the Supreme Court have occasion to address the import of 26 U.S.C. § 6334(a)(10) – the specific exemption at issue in this case – because that provision had not been enacted at the time *Porter* was decided. See Docket No. 70 at 8; Pub. L. No. 99-514, § 1565, 100 Stat. 2085, 2763 (1986).[4] Accordingly, the magistrate judge's recommendation is not inconsistent with *Porter.*

Plaintiff suggests that the magistrate judge's recommendation contravenes the Tenth Circuit's order remanding the case. See Docket No. 69 at 2-3. He argues that, if the AIA barred plaintiff's claims, the Tenth Circuit would have made that determination on appeal. *Id.* As a general rule, however, the Tenth Circuit will "not consider an issue not passed upon below." *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 720 (10th Cir. 1993) (internal quotation marks omitted)). In remanding the case to this Court, the Tenth Circuit declined to express any opinion as to the proper resolution of plaintiff's claims. See *Maehr*, 664 F. App'x at 686. The Court therefore finds no merit to plaintiff's contention that the magistrate judge's recommendation is inconsistent with the Tenth Circuit's remand order.

Plaintiff's remaining objection is that the magistrate judge improperly focused on the language of the statute – and specifically, the phrase "payable to" – in determining that plaintiff's benefits were not exempt from levy under § 6334(a)(10). Docket No. 69 at 3, 7. It is well established that a court's interpretation of a statute must begin with the

---

[4] Unlike § 5301(a)(1), which exempts veterans' benefits from levy or attachment "either before or after receipt by the beneficiary," § 6334(a)(10) only exempts, from IRS levies, amounts "payable to" an individual.

6

language of the statute itself. *See, e.g.*, *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1569 (2017). Plaintiff has not offered a compelling reason for the Court to disregard the clear language of § 6334(a)(10), and the Court finds the magistrate judge's analysis to be sound and in accordance with existing case law. Accordingly, for the reasons set forth in the magistrate judge's recommendation, the Court will dismiss plaintiff's claims for declaratory and injunctive relief.

Plaintiff does not appear to object to the magistrate judge's recommendation on plaintiff's request for compensatory and punitive damages.[5] The Court has reviewed that portion of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Finding none, the Court will dismiss plaintiff's request for damages.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 67] is **ACCEPTED**. It is further

**ORDERED** that defendant Wells Fargo Bank, NA's Motion to Dismiss Claims [Docket No. 45] is **GRANTED**. It is further

---

[5]Plaintiff makes a passing reference to *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1 (1991), in which the Supreme Court upheld the constitutionality of a punitive damages award against a corporation, based on the fraudulent acts of one of its employees. *Id.* at 19; *see* Docket No. 69 at 8. However, this case stands only for the general proposition that punitive damages are permissible under certain circumstances. Plaintiff does not argue that the magistrate judge erred in determining that an award of damages would be inappropriate in this case.

7

**ORDERED** that defendant United States' Motion to Dismiss Amended Complaint [Docket No. 46] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims against defendant Wells Fargo Bank, NA are dismissed with prejudice. It is further

**ORDERED** that plaintiff's claims against the individual government defendants are dismissed without prejudice to the extent that they seek declaratory and injunctive relief. It is further

**ORDERED** that plaintiff's claims against the individual government defendants are dismissed with prejudice to the extent to the extent that they seek compensatory and punitive damages. It is further

**ORDERED** that this case is closed.

DATED March 21, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge